[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The key issue in this tax appeal is whether a tax exempt foundation that owns property in Avon and leases it to a non-profit child day care center is entitled to an exemption from payment of real estate taxes under the provisions of General Statutes § 12-81 (7).
The plaintiff, Bradford Foundation (Foundation), a Pennsylvania non-profit corporation, owns the real property at 84 West Avon Road in Avon that is the subject of this appeal. The Foundation was established with assets from two partnerships owned by the Calihan family of Pennsylvania The Calihans wanted to set up a charitable entity that would outlive them and promote a benefit to the community dealing with childcare.
Bradford Childcare Services, Inc. (BCCS) was created to operate childcare centers. The concept of the operation was to have the Foundation acquire real estate in Pennsylvania, Iowa, Connecticut and Massachusetts, and lease the real estate to BCCS. BCCS operates approximately thirty-two childcare centers in the four states. The public purpose of BCCS is to provide quality childcare at a reasonable price. BCCS is supported financially from fees received from its clients, who CT Page 13649 are generally the parents of the children enrolled in the childcare program BCCS also receives financial support from a non-profit corporation called Calihan Family Foundation. Calihan Family Foundation holds various investments that produce investment income. This investment income is used to support the childcare centers and to provide a sinking fund for the payment of tax-exempt bonds issued by the Foundation and sold to the public.
The Foundation is a holding company that acquires and holds title to the real estate that is leased to the various childcare centers. The Foundation itself does not operate any day care or childcare businesses. The Foundation has no employees. When the Foundation acquired the Avon property, it leased the property to BCCS at market rates. The rent that the Foundation receives from BCCS helps the Foundation retire the tax exempt bonds previously issued and pay debt service.
BCCS operates the childcare center at the subject property in Avon under the name of Apple Tree Learning Center (Center). The Center is licenced by the State of Connecticut as a child day care center. In October 1999, the Center was accredited by the National Association for the Education of Young Children. The Center accepts children from six weeks old to six years old. The Center sets its rates for child care annually and its charges are based upon market rates comparable to for-profit facilities. Prior to BCCS's acquisition of the Center in 1998, the Center was operated as a for-profit day care center. Since BCCS began operating the Center in 1998, the income from the operation of the Center has exceeded expenses. BCCS offers no scholarships or reduced rates for children from low income families to enroll in the Center.
Although the Foundation, the plaintiff in this case, focuses on the operation of BCCS and claims that BCCS operates as a charitable and educational facility, this appeal is not about BCCS, but rather is about the Foundation, which is the owner of the subject real property.
In deciding issues involving tax exemptions, it is well established that the burden of proving entitlement to the statutory exemption is upon the taxpayer since exemptions from taxation are a matter of legislative grace. Common Fund v. Fairfield, 228 Conn. 375, 381, 636 A.2d 795
(1994). The taxpayer in this appeal is the Foundation, which owns the property, not BCCS, which operates the Center. We know of no authority that allows a property owner to claim a property exemption under §12-81 (7) based upon the assertion that the tenant uses the property for an educational or charitable purpose. In Common Fund v. Fairfield,
supra, the issue was "whether a nonprofit corporation that manages investment funds solely for tax exempt schools, colleges and universities is itself eligible for the tax exemption that General Statutes § 12-81
CT Page 13650 (7) provides for exclusively educational or charitable institutions." Id., 375. The court in Common Fund held that the plaintiff non-profit taxpayer was not eligible for the property tax exemption because the plaintiff was entirely a self-supporting entity "even though the investment returns generated by its operations redound to the benefit of the participating educational institutions." Id., 383-84. The Foundation in this action is similar to the plaintiff in Common Fund since the Foundation's income was from the receipt of market rent, which made it self-supporting.
There are three requirements for a tax exemption under General Statutes § 12-81:
 (1) The property must be owned by or held in trust for an organization exempt from taxation under General Statutes § 12-81;
 (2) The property must be held for one of the purposes stated in General Statutes § 12-81; and;
(3) The property must produce no rent, profits or income.
United Church of Christ v. West Hartford, 206 Conn. 711, 718, 539 A.2d 523
(1988).
The Foundation does not hold the subject property for any of the uses enumerated in § 12-81 (7). It is BCCS that purports to use the property for educational or charitable purposes under a lease from the Foundation. The Foundation does not engage in educational or charitable use of the property. The Foundation's sole use of the property is for the purpose of producing rental income. The Foundation, therefore, does not qualify for a tax exemption under the criteria set forth above in UnitedChurch of Christ v. West Hartford, supra, 206 Conn. 718.
As we have previously noted, the burden of proving entitlement to a tax exemption rests on the party claiming the exemption. Common Fund v.Fairfield, supra, 228 Conn. 381; United Church of Christ v. WestHartford, supra, 206 Conn. 719. The Foundation has failed to meet its burden of proving that it is entitled to a tax exemption for the subject property.
The Foundation also claims in its complaint that certain personal property at the Center is exempt from taxation. The testimony at trial of the Foundation's treasurer, David Kropp, shows that the personal property at the Center is owned by BCCS, not the Foundation. (See trial transcript, pp. 5, 32, 52-53.) The Foundation has not presented any CT Page 13651 evidence supporting its claim that the Foundation "is the beneficial owner of that property even though it may technically be inventoried by its affiliate, [BCCS] and is held and used for the same state purposes of learning center operations." (Plaintiff's brief, p. 2.) Accordingly, the Foundation has not met its burden of proving that it is entitled to an exemption for the personal property.
Judgment may enter in favor of the defendant Town of Avon dismissing this appeal without costs to either party.
Arnold W. Aronson Judge Trial Referee